IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY ANDERSON, | ) |
| Plaintiff, | ) ) ) Case No. 19-cv-06535 |
| v. | ) ) Judge John R. Blakey, Presiding |
| KAREN RABIDEAU, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S MOTIONS *IN LIMINE***

Plaintiff, Jeremy Anderson, respectfully submits the following motions *in limine*:

**MOTION *IN LIMINE* NO. 1**

**BAR EVIDENCE OF SPECIFIC CRIMES, CONVICTIONS, AND SENTENCES**

Plaintiff, Jeremy Anderson, moves this Court *in limine* to bar any evidence that Defendant might attempt to offer concerning the details of Mr. Anderson's felony convictions, the underlying crimes, and the details or length of his sentences. To the extent that Defendant seeks to impeach Mr. Anderson with his convictions, counsel should be limited to eliciting testimony that he is currently incarcerated by the Illinois Department of Corrections ("IDOC"). In support of this motion, Mr. Anderson states as follows:

1. Mr. Anderson is incarcerated at Dixon Correctional Center for murder, where he is serving a 38-year sentence with a projected parole date in 2052. Mr. Anderson has three prior felony convictions for escaping electronic monitoring in 2009, manufacturing/delivery of cannabis in 2008, and possession of a controlled substance in 2000.

2. Mr. Anderson's prior felony convictions are beyond the applicable ten-year period so should be barred pursuant to FED. R. EVID. 609.

4878-9943-7684

3. The Court should also bar Defendant from presenting any evidence or questioning Mr. Anderson regarding his current conviction because it is unduly prejudicial as it is unrelated to the current allegations and would merely portray him as a bad person. Courts must be vigilant about the danger of portraying victims as bad people, and must be careful so that their past convictions are not used to unfairly prejudice them. *See Geitz v. Lindsey*, 893 F. 2d 148, 151 (7th Cir. 1990).

4. The risk of unfair prejudice to Mr. Anderson substantially outweighs the probative value, if any, of the details of his convictions or sentence. Mr. Anderson filed suit against Defendant for violating 42 U.S.C. 1983, which is unrelated to the crime for which he is incarcerated. Moreover, the description of Mr. Anderson's murder conviction has the real probability of negatively influencing the jury and causing unfair prejudice. Therefore, any mention or description of Mr. Anderson's conviction is unduly prejudicial, serves no proper purpose, and should be excluded.

5. The Court should also limit any impeachment to the fact that Mr. Anderson is currently incarcerated. FED. R. EVID. 609(a)(1) provides that felony convictions can be used for impeachment if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. Here, the probative value of Mr. Anderson's convictions is minimal, and is substantially outweighed by potential for unfair prejudice.

6. Even if Defendant intends to ask such questions to impeach Mr. Anderson, such inquires would only be an attempt to influence the jury to "view [Mr. Anderson] as a 'bad person' not because he is a liar . . . but instead because he committed a dangerous offense that jurors might find threatening." *Coles v. City of Chicago*, No. 02 C 9246, 2005 U.S. Dist. LEXIS 14950, at *9 (N.D. Ill. July 22, 2005). Allowing Defendant to impeach Mr. Anderson with the fact that he is

incarcerated for a felony conviction, without mentioning the particular offense, is sufficient to satisfy Rule 609. *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987). For these reasons, Defendant should not be allowed to impeach Mr. Anderson with the nature and specifics of his conviction.

7.  Finally, in addition to the reasons described above, the Court should bar any testimony about the details of Mr. Anderson's conviction or sentence because such details are irrelevant under Rules 401 and 402, and such testimony constitutes improper character evidence under Rule 404; *see U.S. v. Neely*, 980 F.2d 1074, 1080 (7th Cir. 1992) ("Evidence of prior convictions is not admissible . . . to 'stink up' a witness' character.").

Plaintiff, Jeremy Anderson, requests that this Court enter an order pursuant to FED. R. EVID. 401, 402, 403, 404, and 609 barring Defendant from presenting any testimony, evidence, or argument regarding the underlying details of his felony convictions, or the length of his sentences. To the extent that Defendant seeks to impeach Mr. Anderson they should be limited to eliciting testimony that the witness is currently or formerly incarcerated by the IDOC.

**The Parties have met and conferred. Defendant intends to only elicit testimony that Plaintiff is serving prison time for a felony conviction. Defendant will not go into details, thus does not object to Motion in *Limine* No. 1.**

## MOTION *IN LIMINE* NO. 2

### BAR PRIOR BAD ACTS AND CHARACTER EVIDENCE INCLUDING ARRESTS

Plaintiff, Jeremy Anderson, moves this Court *in limine* to bar any evidence that Defendant may attempt to offer concerning Mr. Anderson's prior bad acts or character evidence including his past arrests.

Prior arrests that did not lead to convictions are not relevant to any issue to be decided at trial, and would be unfairly prejudicial. They are therefore inadmissible pursuant to FED. R. EVID. 403. Moreover, past arrests not leading to a conviction cannot be used as impeachment pursuant to FED. R. EVID. 609. The only reason Defendant would seek to introduce such evidence would be to insinuate bad character, which is prohibited by FED. R. EVID. 404(b).

Plaintiff, Jeremy Anderson, requests that this Court enter an order pursuant to FED. R. EVID. 403, 404, and 609 barring Defendant from presenting any testimony, evidence, or argument regarding prior bad acts or arrests that did not lead to felony convictions that are less than 10 years old.

**The Parties have met and conferred. Defendant does not intend to introduce evidence subject to Motion in *Limine* No. 2, thus does not object to Motion in *Limine* No. 2.**

## MOTION *IN LIMINE* NO. 3

**BAR TESTIMONY OR EVIDENCE WHETHER PLAINTIFF HAS RECEIVED ANY ADVERSE DISCIPLINARY ACTION WHILE IN PRISON**

Plaintiff, Jeremy Anderson, moves this Court *in limine* to bar Defendant from introducing evidence regarding any disciplinary actions involving Mr. Anderson while incarcerated that are unrelated to the subject matter at issue in this case.

1. Mr. Anderson has been incarcerated in the custody of the IDOC for nearly 10 years. During this time, he may have occasionally been charged with violating institutional rules, policies, and procedures, and or the recipient of disciplinary action.

2. The Court should exclude any evidence or testimony relating to Mr. Anderson's disciplinary record during his incarceration, as irrelevant. FED. R. EVID. 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without

the evidence." FED. R. EVID. 402 provides, in pertinent part, "[i]rrelevant evidence is not admissible."

3. Evidence of an inmate's prior bad acts or other disciplinary history is generally not admissible in a civil hearing against prison officials for violating an inmate's civil rights. *See, e.g., Hynes v. Coughlin*, 79 F.3d 285, 293 (2d Cir. 1996) (reversing trial court's dismissal of plaintiff prisoner's civil rights claims, holding that it was error to allow the introduction of plaintiff's prison disciplinary record because the evidence was used to show plaintiff's character, which is prohibited by the Federal Rules of Evidence); *Lataille v. Ponte*, 754 F.2d 33, 35 (1st Cir. 1985) (holding that plaintiff inmate's prior disciplinary record was prejudicial and stating "[i]t is well settled that prior acts may not be admitted to prove that a person acted in a similar fashion in the case at hand.").

4. The Court should not allow evidence of Mr. Anderson's prison disciplinary record (to the extent that there is any such record) because it would not be relevant to this case. *See* FED. R. EVID. 402. The nature, or even existence, of Mr. Anderson's disciplinary infractions are irrelevant to this lawsuit and will add no probative value to assessing the merit of his claims. The Court should exclude evidence regarding Mr. Anderson's disciplinary record, as it would serve no purpose other than to confuse the jury and prejudice Mr. Anderson by suggesting his disciplinary record plays some role in the jury's determination regarding the relevant facts. *See* FED. R. EVID. 403.

5. Moreover, any unrelated disciplinary infraction would have no bearing on Mr. Anderson's claims or the facts in dispute. Thus, "[t]he evidence of his disciplinary infractions is quintessential Rule 404(b) character evidence that has no place in this litigation." *Giles v. Rhodes*,

No. 94 C 6385, 94 Civ. 6385 (CSH), 2000 U.S. Dist. LEXIS 13980, at *34 (S.D.N.Y. Sep. 26, 2000).

6. The introduction of any such evidence by Defendant should be barred as irrelevant under FED. R. EVID. 402, prejudicial under FED. R. EVID. 403 and improper character evidence under FED. R. EVID. 404(b), except for evidence pertaining to allegations related to the incident at issue in this litigation.

Plaintiff, Jeremy Anderson, requests that this Court enter an order pursuant to FED. R. EVID. 401, 402, 403, 404, and 609 barring Defendant from presenting any testimony, evidence, or argument regarding the underlying details of disciplinary actions unrelated to the incident at issue in this litigation.

**The Parties have met and conferred. Defendant intends to introduce evidence subject to Motion in *Limine* No. 3, thus objects to Motion in *Limine* No. 3.**

### MOTION *IN LIMINE* NUMBER 4

### BAR DEFENDANT FROM REFERRING TO PLAINTIFF AS A CONVICT, OFFENDER, CRIMINAL OR PRISONER

Plaintiff, Jeremy Anderson, moves this court *in limine* to bar Defendant from referring to Mr. Anderson, or his former cellmate who attacked him, as "felons," "convicts," "offenders," "criminals," or "prisoners." The incident in this case took place inside an IDOC facility where Mr. Anderson was serving his sentence. Defendant may try to inflame and frighten the jury by referring to Mr. Anderson or other individuals as felons, convicts, criminals, prisoners, or offenders. Any such reference would have no probative value, would be prejudicial and inflammatory, and would constitute improper character evidence under FED. R. EVID. 404(b). Therefore, Defendant should

be barred from using these terms and to refer to Mr. Anderson and other incarcerated persons by their names.

**The Parties have met and conferred. Defendant does not intend to introduce evidence subject to Motion in *Limine* No. 4, thus does not object to Motion in *Limine* No. 4.**

## MOTION *IN LIMINE* NUMBER 5

### BAR DEFENDANT FROM INTRODUCING ANY UNDISCLOSED EVIDENCE OR WITNESSES

Plaintiff, Jeremy Anderson, moves this Court *in limine* to bar Defendant from introducing any evidence that was not previously identified in discovery, pursuant to Fed. R. Civ. Pro 37(c). Defendant should also be barred from calling any witness to testify who was not previously identified in discovery. Fed. R. Civ. Pro 37(b).

**The Parties have met and conferred. Defendant does not intend to introduce evidence subject to Motion in *Limine* No. 5, thus does not object to Motion in *Limine* No. 5.**

## MOTION *IN LIMINE* NUMBER 6

### BAR UNDISCLOSED OPINION TESTIMONY

Plaintiff, Jeremy Anderson, moves this Court *in limine* to bar Defendant from eliciting undisclosed opinion testimony. Mr. Anderson anticipates that Defendant may try to introduce evidence that Mr. Anderson's allegations were investigated and were not supported by the evidence. Any testimony from any internal affairs investigator would be hearsay or improper "bolstering" of Defendant's credibility. The Court should not allow it. *See* Fed. R. Civ. Pro 26(a)(2).

**The Parties have met and conferred. Defendant does not intend to introduce evidence subject to Motion in *Limine* No. 6, thus does not object to Motion in *Limine* No. 6**.

### MOTION *IN LIMINE* NO. 7

### ALLOW PLAINTIFF TO APPEAR AT TRIAL UNSHACKLED AND IN STREET CLOTHING

**I.     Mr. Anderson Should Be Permitted to Appear Unshackled in Front of the Jury.**

The United States Supreme Court and the Seventh Circuit have held that a defendant should not be required to appear in shackles unless there is an "extreme need." *Lemons v. Skidmore*, 985 F.2d 354, 357-58 (7th Cir. 1993); *see also Illinois v. Allen*, 397 U.S. 337, 344 (1970). The Seventh Circuit has "defined the extreme need standard as 'necessary to maintain the security of the courtroom.'" *Lemons*, 985 F.2d at 358. Even in cases such as this, where the jury will be aware that the plaintiff is a prisoner, not all convicted felons are so dangerous and violent that they need to be brought to court and kept in handcuffs and leg-irons. *Id*. at 357. This circuit has held that in determining whether a prisoner should appear before the jury shackled, "[t]he preferred procedure is for the trial judge to hold a brief hearing before trial at which *the state may try to prove that restraints are necessary*." *Id*. at 358 (citing *U.S. v. Garcia*, 625 F.2d 162 (7th Cir. 1980) (emphasis added)).

Mr. Anderson should be permitted to appear at trial unshackled. Although he was convicted of a violent felony that occurred many years ago, the State is required to prove to this Court that Mr. Anderson is so dangerous that there exists an "extreme need" to restrain him. Only if the State can present evidence suggesting that Mr. Anderson is a flight risk or would pose a threat to courtroom security should he be required to appear before the jury in shackles. However, in the event this Court determines that Mr. Anderson should be shackled during trial, the Seventh Circuit

8

has held that he "is entitled to the minimum restraints necessary, and a determination that some restraints are appropriate does not mean that leg-irons and handcuffs are required." *Id*. at 359. In *Lemons*, the Seventh Circuit found that the trial court erred when it failed to take any of the ameliorative steps to minimize the appearance of the restraints, and therefore minimize the likelihood of prejudice to the jury. The court in *Lemons* then noted a number of examples where courts had sufficiently taken steps to minimize the appearance of the shackles by employing the following: (i) seating the defendant prior to bringing in the jury (*see Harrell v. Israel*, 672 F.2d 632 (7th Cir. 1982)); (ii) using leg-irons, but no handcuffs, which were less obtrusive and could be hidden by a table or witness box (*id.*); (iii) ordering that people in the courtroom remain seated when the judge entered so as not to draw attention to the prisoner's leg-irons (*see U.S. v. Amaro*, 816 F.2d 284 (7th Cir. 1987)); and (iv) using curtains as table-skirts on the counsels' tables in order to hide defendant's leg-irons from view (*see U.S. v. Fountain*, 768 F.2d 790 (7th Cir. 1985)). If the Court determines that some restraints are necessary, "similar efforts should be made to minimize them and their prejudice to the jury." *Lemons*, 985 F.2d at 359.

Alternatively, in the event this Court determines that restraints are necessary, Mr. Anderson requests that the following actions be taken so as to minimize the prejudice to the jury:

    a) Mr. Anderson should be required to wear only leg-irons and no handcuffs. Leg-irons would sufficiently ensure that he is restrained throughout the course of the trial but would be easier to conceal from the jury and therefore would best minimize the prejudicial effect on the jury. If Mr. Anderson is required to wear handcuffs in addition to leg-irons, his ability to participate in the trial and effectively testify would be hindered, as Mr. Anderson would have to constantly conceal his hands from the jury.

9

b) All those present in the courtroom should be instructed to remain seated when the judge or jury enters the courtroom. Requiring Mr. Anderson to stand would draw attention to the leg-irons, while allowing some people to stand could give the impression that Mr. Anderson is showing disrespect to the Court.

c) When Mr. Anderson is called to testify, he should be seated in the witness box before the jury enters the courtroom and should remain in the witness box until the jury exits the courtroom.

d) Mr. Anderson should be permitted to appear at trial in street clothing. In addition to the arguments asserted below (*infra* II), allowing Mr. Anderson to appear in street clothing will better allow Mr. Anderson to conceal any restraints he is required to wear. Especially in the event Mr. Anderson is required to wear handcuffs during the course of the trial, street clothes would allow him to better conceal the handcuffs under the sleeves of a jacket.

In the absence of evidence that Mr. Anderson is so dangerous that his presence will threaten the security of the courtroom, Mr. Anderson should be allowed to appear at trial unshackled. Alternatively, if the Court determines that restraints are necessary, Mr. Anderson requests that the court order the minimum restraints necessary and take all possible ameliorative steps—as required by the Seventh Circuit—to minimize the likelihood of prejudice to the jury.

## II. Mr. Anderson Should Be Permitted to Attend Trial in Street Clothes.

The United States Supreme Court has held that "[i]t is inherently unfair to try a defendant for crime while garbed in his jail uniform[.]" *Estelle v. Williams*, 425 U.S. 501, 511 (1976) (internal citation and quotations omitted). Just as the Seventh Circuit has extended the criminal analysis of shackling to civil cases, there is no reason this rule with regard to a jail uniform should not similarly

be extended to civil cases. This case will be tried before a jury and it is well-settled that juries judge a party's credibility, in part, based on a party's appearance. Despite the fact that the jury will be aware that Mr. Anderson is currently incarcerated, they will not be able to forget that he is a prisoner and remember that he is a human being when he is wearing a prison jumpsuit.

It is Plaintiff's understanding that the Dixon Correctional Center, where he is incarcerated, offers inmates black pants and white shirts to wear for court appearances.

Plaintiff, Jeremy Anderson, requests that this Court enter an order allowing him to appear at trial unshackled and in street clothing.

**The Parties have met and conferred. Defendant does not object to Plaintiff appearing in street clothes, as long as the clothing is not paid for or provided by the Illinois Department of Corrections, and is approved by the IDOC. Defendant takes no position regarding Plaintiff being unshackled, and defers to the IDOC and U.S. Marshalls**.

## MOTION *IN LIMINE* NO. 8

### BAR EVIDENCE OF EFFORTS TO SETTLE

1. Any reference to, or innuendo about, any efforts made by a party to settle this matter, that any party has refused to settle this matter, or to settlement discussions should be barred under FED. R. EVID. 408.

2. FED. R. EVID. 408 bars evidence of settlement discussions "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction[.]" "The purpose of Rule 408 is to encourage the settlement of claims by providing assurance that statements will not be used at trial as evidence of liability." *Capplanco*

*Eleven, Inc. v. Xerox Corp.*, No. 88 C 9565, 1990 U.S. Dist. LEXIS 4303, at *6 (N.D. Ill. Apr. 11, 1990).

3. Should the Court allow evidence of efforts to settle matters to be referenced during trial, it may cause parties to be less likely to enter into settlement negotiations. *See Gregor LLC v. Flair Airlines*, No. 18-cv-2023, 2020 U.S. Dist. LEXIS 170444, at *3 (N.D. Ill. Mar. 5, 2020) ("The purpose of Rule 408 is to encourage settlement and those negotiations might be chilled if offers were later used to establish liability."). Rule 408 was adopted to eliminate the possibility of prejudice and allow for freely-negotiated settlements. *See Capplanco Eleven, Inc.*, 1990 U.S. Dist. LEXIS 4303, at *6. It should act as a strong barrier, here, to even the slightest whisper of prior attempts to settle this matter.

Plaintiff, Jeremy Anderson, requests that this Court enter an order pursuant to FED. R. EVID. 408 barring any reference to any efforts made by a party to settle this matter, any party's refusal to settle this matter, or any reference to settlement discussions.

**The Parties have met and conferred. Defendant does not intend to introduce evidence subject to Motion in *Limine* No. 8, thus does not object to Motion in *Limine* No. 8**.

Dated: August 11, 2023

Respectfully submitted,

JEREMY ANDERSON, *Plaintiff*

By: /s/   Nicholas A. Gowen

Nicholas A. Gowen, #6280123
Adrian Atwater
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, Illinois 60611
Tel: (312)840-7000 / Fax: (312)840-7900
ngowen@burkelaw.com
aatwater@burkelaw.com
*Counsel for Plaintiff*

12

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused true and correct copies of the above and foregoing *Motions in Limine* to be served on Defendants via the CM/ECF E-Filing System, in accordance with the rules of electronic filing of documents, on this 11th day of August, 2023.

                                                               */s/ Nicholas A. Gowen*