## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 19-cv-06535 |
| | ) | |
| KAREN RABIDEAU, | ) | Judge John R. Blakey, Presiding |
| | ) | |
| Defendant. | ) | |

## FINAL PRETRIAL ORDER

This matter is before the Court for a Final Pretrial Conference held pursuant to Rule 16 of

the Federal Rules of Civil Procedure:

## I.    JURISDICTION

This is an action for compensatory and punitive damages pursuant to 42 U.S.C. §1983.
The jurisdiction of the Court is not disputed and is based on 28 U.S.C. §§1331 and 1343.

## II.    TRIAL ATTORNEYS

| COUNSEL FOR PLAINTIFF: | COUNSEL FOR DEFENDANT: |
|---|---|
| Nicholas A. Gowen, #6280123 (ngowen@burkelaw.com) Burke, Warren, MacKay & Serritella, P.C. 330 N. Wabash Avenue, Suite 2100 Chicago, Illinois 60611 Tel: (312) 840-7000 / Fax: (312) 840-7900 | KWAME RAOUL, Attorney General, State of Illinois<br><br>By: Marrian M. Daniel (Marriam.Daniel@ilag.gov) Assistant Attorney General Office of the Illinois Attorney General General Law Bureau, Prisoner Litigation 100 W. Randolph St., 13th Floor Chicago, Illinois 60601 Tel: (312) 814-4752 |

## III.    CASE STATEMENT

Plaintiff, Jeremy Anderson, an individual incarcerated in the Illinois Department of
Corrections, brings this action pursuant to 42 U.S.C. §1983. Mr. Anderson alleges that
Defendant, Karen Rabideau, a former employee with the Illinois Department of Corrections,
failed to protect him from his cellmate when housed at Stateville Correctional Center on January
15, 2019. Ms. Rabideau denies all allegations.

**IV.    TRIAL LENGTH/NUMBER OF JURORS**

The Parties anticipate that the trial will last no more than 3 days, and request a 12-person jury.

**V.    AGREED EXHIBITS AND FACTUAL STIPULATIONS**

**A.    Agreed Exhibits:**

| Exhibit Number | Description | Statement of Relevance |
|---|---|---|
| J-1 | January 15, 2019 Offender Injury Report | IDOC business record establishing Plaintiff's treatment for injuries inflicted after altercation with cellmate |
| | | |

**B.    Factual Stipulations**:

1.    At all times relevant to this Complaint, Plaintiff was incarcerated at Stateville Correctional Center.

2.    Stateville Correctional Center is a maximum security IDOC facility that limits inmates freedom of movement around the facility.

3.    At all times relevant to this Complaint, Defendant was employed as an IDOC placement officer working at Stateville Correctional Center.

4.    At all times relevant to the Complaint, Defendant acted under color of state law.

5.    In December 2018, Plaintiff was placed in Delta Unit Cell 730 with Timothy Daniels.

6.    Before January 15, 2019, Plaintiff did not speak to Internal Affairs regarding his concerns about Mr. Daniels or his desire to transfer cells.

7.    Plaintiff never had any conversation with Defendant regarding his concerns about Mr. Daniels or his desire to transfer cells.

**C.    Testimonial Stipulations**:

1.    If called to testify, an IDOC Record Officer would testify that the records in Exhibits P-3 and P-43 are authentic.

2.    The parties are negotiating, but have not reach agreement, regarding a potential stipulation for Virginia Garcia, R.N., who treated Plaintiff on January 15, 2019.

**D.** **Parties' Agreement on Motions *in Limine***

Plaintiff does not object to Defendant's Motions in Limine Nos. 2-4, and 6-12.

Defendant does not object to Plaintiff's Motions in Limine Nos. 2, 4-6, and 8.

**VI.** **WITNESS LISTS**

**A.** **Plaintiff's Witness List**

    1.    Expert witnesses.
        a.    None

    2.    Fact witnesses.
        a.    Will Call
          i.    **Jeremy Anderson – Plaintiff will testify to the following:**
              1.    His interactions with his cellmate that led Plaintiff to fear for his safety.
              2.    His communications with his therapist, Dr. Fitzgerald, regarding Plaintiff's concerns about his cellmate and desire to be transferred to a different cell or assigned a new cellmate.
              3.    His written communications with Defendant that included his requests to be transferred and fear for his safety.
              4.    The events of January 15, 2019 and his subsequent medical treatment.
              5.    The grievance he filed against Defendant.

         ii.    **Karen Rabideau – Defendant will testify to the following:**
              1.    Any communications she had with Plaintiff and/or Dr. Fitzgerald regarding Plaintiff's requests to transfer to a different cell or assigned a new cellmate.
              2.    IDOC policies, as she understands them, regarding cell transfers and/or cellmate transfers.
              3.    The steps she took regarding Plaintiff's transfer request.

        b.    May Call
          i.    **Dr. Alice Fitzgerald, Psy.D. may be called to testify regarding:**
              1.    Non-privileged communications with Plaintiff regarding his desires to be transferred to a different cell or assigned a new cellmate.
              2.    Her subsequent communications with Defendant to convey Plaintiff's requests.

         ii.    **Virginia Garcia, R.N**. may be called to testify regarding:
              1.    Her treatment of Plaintiff on January 15, 2019.

   iii. **Medical Records Custodian:** Dixon Correctional Center, 2600 N Brinton Ave, Dixon, IL 61021.
     1. The Medical Records Custodian has knowledge of the medical record keeping procedures at Dixon Correctional Center.

   iv. Any witnesses identified or called by Defendant
   v. Any impeachment or rebuttal witnesses as necessary

 **B.** **Defendant's Witness List**

  1. Expert witnesses.
   a. None.

  2. Fact witnesses.
   a. Will call:
    i. Karen Rabideau
     1. Ms. Rabideau is the defendant in this case and will testify as to her background, education and career with the Illinois Department of Corrections
     2. Her job duties as a placement officer
     3. The policies and procedures relating to an inmate cell change.
     4. What factors she considers when assigning an inmate to a cell.
     5. Relevant information relating to Stateville Correctional Center, such as how many inmates were at Stateville during the relevant time period and how many cells there were.
   b. May call:
    i. Nurse Virginia Garcia, R.N.
     1. Nurse Garcia will testify as to her observations and treatment of Plaintiff.
    ii. Dr. Alice Fitzgerald
     1. Dr. Fitzgerald may testify as to any non-privileged communications she had with Plaintiff regarding his cell mate and possible transfer.
     2. Dr. Fitzgerald may testify as to any communications she had with Defendant Rabideau.
    iii. Any witness called or identified by Plaintiff

 **C.** **Rebuttal witnesses.** Each Party may call such rebuttal witnesses as may be necessary, without prior notice to the other Party.

## VII. EXHIBIT LISTS

 **A.** **Plaintiff's Exhibit List**

| Exhibit Number | Description | Statement of Relevance | Objections |
|---|---|---|---|
| P-1 | January 6, 2019 Letter from Plaintiff to Defendant requesting cell transfer | The document establishes that Plaintiff requested that Defendant authorize him be transferred before Plaintiff was assaulted by his cellmate. | Rule 801 |
| P-2 | January 8, 2019 Letter from Plaintiff to Defendant requesting cell transfer | The document establishes that Plaintiff requested that Defendant authorize him be transferred before Plaintiff was assaulted by his cellmate. | Rule 801 |
| P-3 | January 4, 2019 Mental Health Progress Note by Dr. Fitzgerald | Contemporaneous mental health report regarding Plaintiff reporting concerns about his cellmate to Dr. Fitzgerald, on the day she requested Defendant transfer him. | Rule 801 |
| P-4 | January 4, 2019 email from Alice Fitzgerald to Karen Rabideau | IDOC business record establishing request from Plaintiff's mental health counselor to Defendant to request cell transfer | Rule 801 |

**B.    Defendant's Exhibit List**

| Exhibit Number | Description | Statement of Relevance | Objections |
|---|---|---|---|
| D-1 | Plaintiff's deposition testimony | Admissions of party opponent | None |
| D-2 | Offender injury report | Outlines Plaintiff's injuries | None |
| | | | |

## VIII.   REQUESTED RELIEF

Plaintiff seeks damages in an amount necessary and appropriate to compensate him for injuries sustained as a result of the incident described in the pleadings, including but not limited to damages for personal injuries suffered and deprivation or violation of his Constitutional rights. Plaintiff also seeks damages to punish Defendant or deter her and others like them from committing such conduct in the future. Defendant denies Plaintiff is entitled to punitive damages or suffered compensable harm.

## IX.   MOTIONS IN LIMINE

A.    Plaintiff's Motions *in Limine*:

1.    Bar Evidence of Specific Crimes, Convictions, and Sentences

2.     Bar Prior Bad Acts and Character Evidence Including Arrests
3.     Bar Testimony or Evidence Whether Plaintiff Has Received Any Adverse Disciplinary Action While In Prison
4.     Bar Defendant From Referring To Plaintiff As A Convict, Offender, Criminal Or Prisoner
5.     Bar Defendant From Introducing Any Undisclosed Evidence or Witnesses
6.     Bar Undisclosed Opinion Testimony
7.     Allow Plaintiff To Appear At Trial Unshackled And In Street Clothing
8.     Bar Evidence Of Efforts To Settle

**B.**     Defendant's Motions *in Limine*:
1.     Bar Lay Medical Testimony
2.     Bar Evidence of Indemnification
3.     Bar Plaintiff from referencing Defendant's Motions in *Limine*
4.     Bar Plaintiff from offering evidence or testimony concerning violations of IDOC internal guidelines, policies, procedures, administrative directives or rules as evidence of a constitutional violation.
5.     Bar hearsay evidence of Plaintiff's statements to medical providers
6.     Bar expert medical evidence not previously disclosed
7.     Bar inmate testimony not previously disclosed
8.     Bar affidavits or inadmissible hearsay statements of other inmates or witnesses
9.     Bar evidence or testimony of other lawsuits involving the Defendant
10.     Bar use of evidence or testimony referencing any "golden rule" appeal
11.     Allow Defendants to offer testimony regarding the fact that Plaintiff has been convicted of and is serving time for a felony
12.     Bar Plaintiff from testifying that Defendant received his letter.

## X.   PROPOSED JURY QUESTIONS

### A.   Agreed Upon Questions

Attached as Exhibit 1

## XI.   PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

### A.   Joint Proposed Instructions

Attached as Exhibit 2.

### B.   Plaintiff's Proposed Instructions

Attached as Exhibit 3

### C.   Defendant's Proposed Instructions
To be filed separately

6

**IT IS SO ORDERED.**

DATED:

_____
United States District Judge