## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no. 19-cv-06535 |
| | ) | |
| v. | ) | |
| | ) | Honorable John R. Blakey |
| KAREN RABIDEAU, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PROPOSED JURY INSTRUCTIONS

Dated: August 11, 2023

Respectfully submitted,
JEREMY ANDERSON, *Plaintiff*
By: /s/  *Nicholas A. Gowen*

Nicholas A. Gowen, #6280123
Adrian Atwater,
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, Suite 2100
Chicago, Illinois 60611
Tel: (312)840-7000 / Fax: (312)840-7900
ngowen@burkelaw.com
aatwater@burkelaw.com
*Counsel for Plaintiff*

KAREN RABIDEAU, Defendant

By: */s/ Marrian M. Daniel*
MARRIAN M. DANIEL
Assistant Attorney General
Office of the Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, Illinois 60601
(312) 814-4752
Marriam.Daniel@ilag.gov

**JOINT JURY INSTRUCTION NO. 1**

**2.14 JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

7th Circuit Pattern Jury Instruction No. 2.14

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 2**

**1.01 FUNCTIONS OF THE COURT AND THE JURY**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

7th Circuit Pattern Jury Instruction No. 1.01

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 3**

**1.02 NO INFERERENCE FROM JUDGE'S QUESTIONS**

**[IF NECESSARY]**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

7th Circuit Pattern Jury Instruction No. 1.02

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 4**

**1.03 ALL LITIGANTS EQUAL BEFORE THE LAW**

In this case the plaintiff is an incarcerated individual and the defendant is a former employee of the Illinois Department of Corrections.  All parties are equal before the law.

7th Circuit Pattern Jury Instruction No. 1.03 (modified to reference the Illinois Department of Corrections).

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 5**

**1.04 EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

7th Circuit Pattern Jury Instruction No. 1.04

Given_____ Objected_____ Refused_____

## JOINT JURY INSTRUCTION NO. 6

## 1.06 WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence.  I will list them for you:

First, if I tell you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may see or hear outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

7th Circuit Pattern Jury Instruction No. 1.06.

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 7**

**1.07 NOTE-TAKING**

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

7th Circuit Pattern Jury Instruction No. 1.07

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 8**

**1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

7th Circuit Pattern Jury Instruction No. 1.08

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION 9**

**LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

7th Circuit Pattern Jury Instruction No. 1.09

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 10**

**1.11 WEIGHING THE EVIDENCE**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference." A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

7th Circuit Pattern Jury Instruction No. 1.11

Given_____ Objected_____ Refused_____

## JOINT JURY INSTRUCTION NO. 11

## 1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

7th Circuit Pattern Jury Instruction No. 1.12

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 12**

**1.13 TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

7th Circuit Pattern Jury Instruction 1.13

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 13**

**PRIOR INCONSISTENT STATEMENTS [OR ACTS]**

You may consider statements given by [*Party*] [*Witness under oath*] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

[In considering a prior inconsistent statement[s] [or conduct], you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.]

7th Circuit Pattern Jury Instruction No. 1.14

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 14**

**1.15 IMPEACHMENT OF WITNESS CONVICTIONS**

     You have heard evidence that Jeremy Anderson has been convicted of a crime. You may consider this evidence only in deciding whether Mr. Anderson's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

7th Circuit Pattern Jury Instruction 1.15

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 15**

**1.18 ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

7th Circuit Pattern Jury Instruction No. 1.18

Given_____ Objected_____ Refused_____

# JOINT JURY INSTRUCTION NO. 16

## 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

7th Circuit Pattern Jury Instruction No. 1.27

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 17**

**1.34 DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

7th Circuit Pattern Jury Instruction No. 1.34

Given_____  Objected_____  Refused_____

**JOINT JURY INSTRUCTION NO. 18**

**LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

7th Circuit Pattern Jury Instruction No. 1.16

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 19**

**NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

7th Circuit Pattern Jury Instruction No. 1.31

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 20**

**COMMUNICATION WITH COURT**

      I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. [If you do communicate with me, you should not indicate in your note what your numerical division is, if any.]

7th Circuit Pattern Jury Instruction No. 1.33

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 21**

**CAUTIONARY INSTRUCTION BEFORE RECESS**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors. I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

7th Circuit Pattern Jury Instruction No. 2.01

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 22**

**GENERAL: POLICE DEPARTMENT/MUNICIPALITY NOT A PARTY**

Defendant Karen Rabideau is being sued as an individual. The Illinois Department of Corrections is not a party.

7th Circuit Pattern Instruction 7.01

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 23**

**7.16 FAILURE TO PROTECT- ELEMENTS**

To succeed on his claim of failure to protect him from harm by another prisoner, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.     There was a strong likelihood that Plaintiff would be seriously harmed as the result of an assault. A mere possibility of harm is not a strong likelihood.

2.     Defendant was aware of this strong likelihood that Plaintiff would be seriously harmed as a result of an assault.

3.     Defendant consciously failed to take reasonable measures to prevent the assault. [In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendant to take corrective action, and whether Defendant had legitimate reasons related to safety or security for failing to take corrective action.

4.     Plaintiff would not have been harmed if Defendant had taken reasonable measures.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Defendant, and you will not consider the question of damages.

7th Circuit Pattern Jury Instruction No. 7.16

Given_____ Objected_____ Refused_____

**JOINT JURY INSTRUCTION NO. 24**

**1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

**[TO FINALIZE LANGUAGE AFTER COURT SELECTS VERDICT FORM]**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it. **[to finalize language after court selects verdict form]**

7th Circuit Pattern Jury Instruction No. 1.32 (last paragraph of pattern language modified for clarity)

Given_____ Objected_____ Refused_____

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 19-cv-06535 |
| | ) | |
| KAREN RABIDEAU, | ) | Judge John R. Blakey, Presiding |
| | ) | |
| Defendant. | ) | |

## [JOINT PROPOSED] VERDICT FORM

We, the jury, find as follows on Plaintiff Jeremy Anderson's claims against Defendant Karen Rabideau:

_____    For Jeremy Anderson


_____    For Karen Rabideau


_____        _____
Foreperson

_____        _____


_____        _____


_____        _____


_____        _____


_____        _____


Date: _____

## COMPENSATORY DAMAGES

### [IF YOU FIND IN FAVOR OF JEREMY ANDERSON]

We, the jury, find compensatory damages as follows:

$ _____

_____          _____
Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

**PUNITIVE DAMAGES**

**[IF YOU FIND IN FAVOR OF JEREMY ANDERSON]**

We, the jury, find punitive damages as follows:

$_____

_____          _____
Foreperson

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____