UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| | | |
|---|---|---|
| Jeremy Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-6535 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| Karen Rabideau, | ) | |
| | ) | |
| Defendant. | ) | |


## PRETRIAL ORDER

The matter comes before this Court on the parties' motions *in limine* [82] and [84] and argument presented at the Final Pretrial Conference on September 19, 2023. For the reasons announced on the record and for the additional reasons provided herein, this Court rules as set forth below. To the degree that this Order preliminarily bars any evidence or argument, that evidence or argument remains excluded at trial unless—outside the jury's presence—the parties seek reconsideration and obtain this Court's leave to present it.

## I.  Case Statement

Without objection by either party, this Court will give the following case statement to the venire during jury selection:

Plaintiff, Jeremy Anderson, an individual incarcerated in the Illinois Department of Corrections, brings this action pursuant to 42 U.S.C. §1983. Mr. Anderson alleges that Defendant, Karen Rabideau, a former employee with the Illinois Department of Corrections, failed to protect him from his cellmate when housed at Stateville Correctional Center on January 15, 2019. Ms. Rabideau denies all allegations.

## II.  Stipulations

This Court approves the seven factual stipulations and the one testimonial stipulation set forth in the parties' proposed pretrial order [83]. The parties shall sign and submit all final written stipulations to the Court by September 25, 2023. The parties remain free to propose further factual or testimonial stipulations during

trial, provided that such stipulations are in writing, signed by both parties, and admitted into evidence prior to being published to the jury.

### III. Witnesses

This Court accepts the witness lists that the parties presented in their proposed pretrial order [83].

### IV. Demonstrative Aids During Opening Statements

If either party elects to use demonstrative aids during their opening statements, it must provide that material to opposing counsel no later than 9:00 a.m. on September 25, 2023. The opposing party must raise any objections with this Court before the start of proceedings and outside the jury's presence. Similarly, if the parties want to use demonstrative aids during closing statements, they must provide such materials to opposing counsel no later than 9:00 a.m. on the morning of their intended use. The parties must raise any objections to such closing materials with this Court before the start of proceedings that day and outside the jury's presence.

### V. Exhibits

Subject to timely objections, this Court will rule upon the admissibility of exhibits as the parties introduce them at trial. The parties are directed to pre-mark all exhibits they intend to use/seek to admit at trial and submit copies to the Court no later than September 25, 2023. If any party intends to use an exhibit during its opening statement, it should notify the other party and this Court by September 25, 2023.

### VI. Motions in Limine

#### A. Plaintiff's Motions in Limine [82]

##### 1. Plaintiff's Motion No. 1

Plaintiff seeks to bar evidence concerning the details of Plaintiff's felony convictions, the underlying crimes, and the details or length of his sentences. This motion is **GRANTED AS AGREED.**

##### 2. Plaintiff's Motion No. 2

Plaintiff seeks to bar evidence of prior arrests that did not lead to conviction. This motion is **GRANTED AS AGREED.**

### 3. Plaintiff's Motion No. 3

Plaintiff seeks to bar evidence regarding any disciplinary actions involving Plaintiff that are unrelated to the subject matter of this case. This motion is **GRANTED AS AGREED**. Defendant may offer evidence only of disciplinary actions that are related to the incident at issue in this case.

### 4. Plaintiff's Motion No. 4

Plaintiff seeks to bar any reference to Plaintiff, or his former cellmate, as "felons," "convicts," "offenders," "criminals," or "prisoners." This motion is **GRANTED AS AGREED**.

### 5. Plaintiff's Motion No. 5

Plaintiff seeks to bar Defendant from introducing evidence not identified in discovery pursuant to Fed. R. Civ. Pro. 37(c) and from calling any witness to testify who was not identified in discovery pursuant to Fed. R. Civ. Pro. 37(b). This motion is **GRANTED AS AGREED**.

### 6. Plaintiff's Motion No. 6

Plaintiff seeks to bar evidence that Plaintiff's allegations were investigated and found to be not supported by the evidence. This motion is **GRANTED AS AGREED**.

### 7. Plaintiff's Motion No. 7

Plaintiff seeks the Court's permission to appear at trial unshackled and in street clothing, or to the extent the Court finds that Plaintiff must be restrained for safety purposes, Plaintiff requests that he be entitled to the minimum restraints necessary and that the Court take certain ameliorative steps to minimize the appearance of the restraints. Defendant takes no position on this motion. This motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is permitted to appear in street clothing. The Court finds that, for safety reasons, Plaintiff must be restrained during trial, but the Court grants Plaintiff's request for certain ameliorative measures, including pre-positioning Plaintiff at the counsel table and, prior to his testimony, in the witness box, covering the bottoms of all tables with skirts, and restraining Plaintiff only with leg shackles, keeping his hands free. Such safety measures will prevent the jury from learning about the restraints and suffice to insulate Plaintiff from any potential prejudice as a result of being shackled.

### 8. Plaintiff's Motion No. 8

Plaintiff seeks to bar any reference to efforts by a party to settle, that a party has refused to settle, or to settlement discussions. This motion is **GRANTED AS AGREED.**

## B. Defendant's Motions in Limine [84]

### 1. Defendant's Motion No. 1

Defendant seeks to bar Plaintiff from offering lay medical opinion testimony regarding Plaintiff's alleged injuries. This motion is **GRANTED IN PART AND DENIED IN PART**. Under Fed. R. Evid. 701, Plaintiff will not be permitted to offer any lay medical testimony. He will, however, be permitted to testify about his personal experience, including his symptoms, his pain, and any treatment he underwent. Defendants should raise objections at trial if Plaintiff ventures into areas beyond permissible lay witness testimony.

### 2. Defendant's Motion No. 2

Defendant seeks to bar evidence that Defendant, as an employee of IDOC, will likely be indemnified by the State of Illinois if found liable. This motion is **GRANTED AS AGREED.**

### 3. Defendant's Motion No. 3

Defendant seeks to bar any reference to Defendant's motions in limine. This motion is **GRANTED AS AGREED.**

### 4. Defendant's Motion No. 4

Defendant seeks to bar evidence that Defendant violated IDOC's internal guidelines, policies, procedures, or administrative directives. This motion is **GRANTED AS AGREED**

## 5. Defendant's Motion No. 5

Defendant seeks to bar Plaintiff from testifying about statements he made to medical providers at Stateville. Defendant argues that certain statements made by Plaintiff to medical professionals, which are memorialized in Defendant's proposed exhibit [91], are hearsay and should be barred from admission. Plaintiff objects on the grounds that the statements are not hearsay and, even if they are, they are an exception under Fed. R. Evid. 803(4). This motion is **DENIED.** The statements to which Defendant referred in Defendant's proposed exhibit [91] are statements made for medical diagnosis and treatment, and thus are an exception to hearsay under Fed. R. Evid. 803(4). Defendant will have full opportunity to cross-examine the witness on these statements.

## 6. Defendant's Motion No. 6

Defendant seeks to bar any expert medical evidence that Plaintiff has not previously disclosed under Fed. R. Civ. Pro. 26(a)(2)(A). This motion is **DENIED AS MOOT**. Plaintiff does not intend to offer any expert evidence.

## 7. Defendant's Motion No. 7

Defendant seeks to bar testimony from any inmates that has not been previously disclosed during discovery. This motion is **GRANTED AS AGREED.**

## 8. Defendant's Motion No. 8

Defendant seeks to bar Plaintiff from offering as evidence statements made by other inmates, including affidavits, as inadmissible hearsay. This motion is **GRANTED AS AGREED.**

## 9. Defendant's Motion No. 9

Defendant seeks to bar evidence or testimony regarding other lawsuits involving Defendant. This motion is **GRANTED AS AGREED.**

## 10. Defendant's Motion No. 10

Defendant seeks to bar any "Golden Rule" arguments, including any arguments that the jury should place itself in Plaintiff's position. This motion is **GRANTED AS AGREED.**

### 11. Defendant's Motion No. 11

Defendant seeks to admit evidence regarding the fact that Plaintiff has been convicted of and is currently serving time for a felony conviction. This motion is **GRANTED AS AGREED.** Consistent with the Court's ruling on Plaintiff's Motion No. 1, Defendant may admit evidence of the fact that Plaintiff has been convicted of a felony but may not introduce evidence concerning the details of the felony conviction, the underlying crimes, or the details or length of his sentences.

### 12. Defendant's Motion No. 12

Defendant seeks to bar any testimony from Plaintiff that Defendant received the letters he allegedly wrote to her. This motion is **GRANTED AS AGREED.**

## VII.    Jury Selection Questions

Questioning at jury selection will proceed as set forth at the Final Pretrial Conference and in accordance with this Court's Jury Selection Protocol. This Court has reviewed the parties' proposed jury selection questions but, as stated in open court, notes that all parties should ensure that they phrase questions appropriately to the venire.

By agreement, during jury selection, the Plaintiff will be allowed three peremptory challenges, and Defendant will be allowed three peremptory challenges.

## VIII.    Jury Instructions and Verdict Forms

This Court takes the parties' proposed jury instructions and verdict forms under advisement. The charge conference shall proceed as explained on the record.

## VIII.    Trial Briefs

As explained on the record, the parties shall not file other briefs or memoranda of law during trial absent leave of this Court.

## IX.    Courtroom Technology

Both parties are invited and encouraged to make full use of courtroom technology to present their evidence. This Court emphasizes that the parties should arrange for, and test, all technology before trial begins.

**X.    Case Schedule**

Plaintiff and Defendant are instructed to arrive at Court no later than 9:30 a.m. on September 25, 2023.  Jury selection will begin at 10:00 a.m.

For the duration of trial, this Court will normally sit the jury promptly at 9:30 a.m. and run trial until no later than 5:00 p.m. each day.  Plaintiff and Defendant must arrive to Court no later than 9:15 am.  If the parties wish to discuss issues that arise during trial, they must immediately inform this Court so that this Court may address the matter prior to trial and thus seat the jury on time.

Dated: September 20, 2023

Entered:

John Robert Blakey
United States District Judge