**FILED**

9/28/2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JEREMY ANDERSON,

    Plaintiff,

    v.

KAREN RABIDEAU,

    Defendant.

Case No. 19-cv-6535

Judge John Robert Blakey

## <u>JURY INSTRUCTIONS</u>

COURT'S INSTRUCTION 1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

COURT'S INSTRUCTION 2

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

COURT'S INSTRUCTION 3

In this case the plaintiff is an incarcerated individual and the defendant is a former employee of the Illinois Department of Corrections. All parties are equal before the law.

COURT'S INSTRUCTION 4

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

COURT'S INSTRUCTION 5

Certain things are not to be considered as evidence. I will list them for you:

First, if I tell you to disregard any testimony or exhibits or if I struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may see or hear outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

COURT'S INSTRUCTION 6

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

COURT'S INSTRUCTION 7

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

COURT'S INSTRUCTION 8

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based upon the evidence in the case.

COURT'S INSTRUCTION 9

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case.

COURT'S INSTRUCTION 10

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness' memory;

- any interest, bias, or prejudice the witness may have;

- the witness' intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness' testimony in light of all the evidence in the case.

COURT'S INSTRUCTION 11

You may consider statements given by Plaintiff Jeremy Anderson before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his or her testimony here in court, you may consider the earlier statement only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

COURT'S INSTRUCTION 12

You have heard evidence that Plaintiff Jeremy Anderson has been convicted of a crime. You may consider this evidence only in deciding whether Mr. Anderson's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

COURT'S INSTRUCTION 13

It is proper for a lawyer to meet with any witness in preparation for trial.

COURT'S INSTRUCTION 14

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

COURT'S INSTRUCTION 15

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

COURT'S INSTRUCTION 16

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

COURT'S INSTRUCTION 17

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

COURT'S INSTRUCTION 18

Defendant Karen Rabideau is being sued as an individual. The Illinois Department of Corrections is not a party.

COURT'S INSTRUCTION 19

To succeed on his claim of failure to protect him from harm by another prisoner, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. There was a strong likelihood that Plaintiff would be seriously harmed as the result of an assault. A mere possibility of harm is not a strong likelihood.

2. Defendant was aware of this strong likelihood that Plaintiff would be seriously harmed as a result of an assault.

3. Defendant consciously failed to take reasonable measures to prevent the assault. In deciding this, you may consider how serious the potential harm to Plaintiff was, how difficult it would have been for Defendant to take corrective action, and whether Defendant had legitimate reasons related to safety or security for failing to take corrective action.

4. Plaintiff would not have been harmed if Defendant had taken reasonable measures.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must find for Defendant, and you will not consider the question of damages.

COURT'S INSTRUCTION 20

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of Defendant's actions or inactions.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation.

You should consider the following types of compensatory damages, and no others: The physical pain and suffering that Plaintiff has experienced.

No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

COURT'S INSTRUCTION 21

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

COURT'S INSTRUCTION 22

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

When you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

COURT'S INSTRUCTION 23

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

COURT'S INSTRUCTION 24

I want to remind you of the instruction I gave you earlier. Until the trial is over and you have returned a verdict, you are not to discuss this case with anyone except your fellow jurors. This includes members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial, and do not investigate it on your own.

COURT'S INSTRUCTION 25

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.